IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JODY McCREARY | § | |
| v. | § | CIVIL ACTION NO. 6:11cv282 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Jody McCreary, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

McCreary was convicted of tampering with physical evidence, receiving a sentence of 12 years in prison. He pleaded guilty and did not take a direct appeal, but unsuccessfully sought state habeas corpus relief.

The facts of the case, in brief, show that a Tyler police officer was observing a known drug house when McCreary approached the house, was there for less than a minute, and then left. He got into his vehicle and the officer approached on a bicycle. The officer saw an off-colored white rock on the seat, which he believed could be cocaine. McCreary picked up the rock, put it in his mouth, and ate it.

In his federal petition, McCreary presented 18 grounds for relief. He also filed an amended petition adding an additional ground. The Respondent was ordered to answer the petition and

amended petition and did so. McCreary did not file a response to the answer, although he did file a "letter brief" and a motion to dismiss the indictment and release him from custody.

McCreary asserts that he received ineffective assistance of counsel, the trial court lacked jurisdiction, counsel failed to file a pre-trial habeas petition, no one made a criminal accusation against him, and the indictment was insufficient. He also complained that counsel failed to investigate, evidence was obtained unlawfully, counsel did not file a motion to suppress or fail to object to his arrest, counsel failed to raise various other objections, counsel colluded with the State, his *pro se* pre-trial motions were improperly denied, the district attorney failed to present the complaint to the trial court, and he was not present in court to enter his guilty plea. The Respondent's answer contended that McCreary's claim that he was not present in court to enter his guilty plea was unexhausted and thus procedurally defaulted, and that all of his claims lacked merit.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be denied. The Magistrate Judge determined that McCreary did not show ineffective counsel, that he failed to show that but for counsel's alleged ineffectiveness, he would not have pleaded guilty but would have insisted on going to trial, the trial court's jurisdiction was properly invoked, McCreary's guilty plea waived all non-jurisdictional defects, the indictment had been held sufficient by the Texas Court of Criminal Appeals, counsel had no duty to raise meritless objections, there was no basis upon which to file a pre-trial habeas petition, there was no error in denying McCreary's *pro se* motions when he was represented by counsel, and the jurisdiction of the trial court was properly invoked. The Magistrate Judge also determined that McCreary's claim that he was not present in court to enter his guilty plea was unexhausted and thus had been procedurally defaulted.

McCreary filed a lengthy set of objections to the Report of the Magistrate Judge on February 23, 2012. His first objection complains again that he was not present in court to enter his guilty plea, but he does not allude to the Magistrate Judge's conclusion that this claim is procedurally defaulted. Instead,. McCreary refers in his objections to the state trial court's findings of fact in his state habeas

claim, which indicate that McCreary was present in the courtroom when the guilty plea was taken. McCreary's first objection is without merit.

Next, McCreary complains that the police report differs in certain details from the arrest affidavit; he says, for example, that he was not in a "car," but a red Ford Ranger truck. Any discrepancy between the police report and the arrest affidavit is a non-jurisdictional defect which was waived by the entry of the guilty plea. Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). This objection is without merit.

Third, McCreary again complains that he was not present in the courtroom for his guilty plea, but does not mention the fact that this claim was procedurally defaulted. This objection is without merit.

Fourth, McCreary appears to argue that the guilty plea proceeding did not comport with Rule 11 of the Federal Rules of Criminal Procedure. The Texas state court is not bound by the Federal Rules of Criminal Procedure. Wolfe v. Puckett, 988 F.2d 1014, 1993 WL 277206 (5th Cir., July 22, 1993) (state courts are not bound to follow the Federal Rules of Criminal Procedure), *citing* Frank v. Blackburn, 646 F.2d 873, 882 (5th Cir. 1980), *cert. denied*, 102 S.Ct. 148 (1981). This objection is without merit.

In a related claim, McCreary contends that while he signed the agreed punishment recommendation, the acknowledgment of admonishments, the stipulation of evidence, the waiver of a jury trial, and the agreement to stipulate testimony, counsel told him where to sign but did not tell him what rights he was giving up; he says that he did not understand what he was signing.

As McCreary says, the trial court made findings of fact and conclusions of law on his state habeas petition. These include findings that during the plea hearing, McCreary was alert, coherent, and responsive, that he was competent and entered his waivers and plea freely, intelligently, knowingly, and voluntarily, he testified that he understood that he was being charged with tampering with physical evidence, enhanced to habitual offender punishment, he was pleading guilty because he was guilty and for no other reason, he was judicially confessing that he was guilty as charged, and

he understood that the trial court has discretion to accept or reject the plea agreement. The trial court also found that McCreary was fully admonished as required by law.

These factual findings by the state court are presumed correct absent clear and convincing evidence to the contrary. 28 U.S.C. §2254(e)(1); Chester v. Thaler, 666 F.3d 340, 348 (5th Cir. 2011). McCreary has offered no evidence, much less any clear and convincing evidence, to rebut the trial court's factual findings. The documents which McCreary signed and his testimony in court are sufficient to show that his waivers and plea were voluntarily and intelligently made.

The Supreme Court has stated that solemn declarations in open court carry a strong presumption of verity. Blackledge v. Allison, 431 U.S. 63, 74 (1977). As a result, the petitioner faces the heavy burden of proving that he is entitled to relief. DeVille v. Whitley, 21 F.2d 654, 659 (5th Cir. 1994). The critical question is whether the entry of his guilty plea was knowing and voluntary, and in this, the petitioner has failed to overcome the evidence of his own words. *See* United States v. Raetzsch, 781 F.2d 1149, 1151 (5th Cir. 1986) (holding that there must be independent indicia of the likely merit of the petitioner's contentions; mere contradiction of the statements made at the guilty plea proceeding will not suffice); *cf.* United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985) (to be entitled to evidentiary hearing on claim that sworn statements made during the guilty plea proceeding were false, the petitioner must make "specific factual allegations supported by the affidavit of a reliable third person"). McCreary has failed to overcome this "strong presumption of verity." His objection on this point is without merit.

Fifth, McCreary complains that there is no "jurat" to give the district attorney authority. He says that a "jurat" is the certificate of the officer before whom the complaint is made, stating that it was sworn to and certified; Texas law defines a "jurat" as a third-party certification stating that a document is sworn. Gonzalez v. Grimm, 353 S.W.3d 270, 274 (Tex.App.-El Paso 2011, no pet.), *citing* Medford v. Medford, 68 S.W.3d 242, 246-47 (Tex.App.-Fort Worth 2002, no pet.). As the Magistrate Judge stated, this case involved the commission of an offense in the presence of a police officer, and so no arrest warrant was needed. Tex. Code Crim. Pro. art. 14.01. In addition, to the

4

extent that there was any error in the lack of a jurat, such error was waived by the entry of the guilty plea. Smith, 711 F.2d at 682. This objection is without merit, as is McCreary's contention that he never entered a guilty plea and thus did not waive any errors.

Next, McCreary argues that counsel was required to file a motion to suppress evidence, although he is still not clear what evidence he believes should have been suppressed. He says that "when that Tyler police officer stated that he watched McCreary put a little tiny white substance into his mouth and started chewing it and that when the Tyler police officer approached McCreary, Kurt Noell [defense counsel] was required by law [to] file a motion to suppress the evidence, as that evidence did not exist before detention." McCreary never did spit the substance out of his mouth; he says that the officer pulled him out of the truck and started yelling "where is it" and told him to spit it out, but he did not spit anything out of his mouth. He says that the officer then searched his truck and asked him where was the cocaine, and McCreary replied that he did not have any. The officer asked what he ate, and McCreary did not say anything. McCreary has not shown that counsel was deficient in failing to file a motion to suppress, nor that there was any evidence which could have been suppressed. No cocaine was ever recovered, and McCreary was prosecuted for tampering with evidence, not for possession of cocaine. His objection on this point is without merit.

Seventh, McCreary appears to complain that counsel was deficient to failing to quash the indictment; he says that tampering with evidence is a third-degree felony, but his indictment charges him with a first-degree felony. In fact, the indictment does not specify the degree, but charges him with the felony of tampering with physical evidence, with prior felony convictions for burglary of a motor vehicle and robbery. The judgment of conviction reflects that McCreary was charged with a third-degree felony, enhanced to a second-degree felony through a prior conviction, and that the other enhancement paragraph was abandoned as part of the plea agreement. McCreary has failed to show any basis upon which counsel could have quashed the indictment. His objection on this point is without merit.

Next, McCreary objects to the Magistrate Judge's conclusion that his challenge to the sufficiency of the indictment is precluded by the fact that the Texas Court of Criminal Appeals has impliedly held that the indictment is sufficient. He asserts that he was denied a full and fair hearing in state court and says that his plea of guilty did not waive any jurisdictional challenges to the indictment.

As the Magistrate Judge correctly explained, if the highest criminal appeals court of the state has held, either expressly or implicitly, that the indictment was sufficient under state law, the federal habeas inquiry is at an end. Alexander v. McCotter, 775 F.2d 595, 598-99 (5th Cir. 1985); *see also* Williams v. Collins, 16 F.3d 626, 637 (5th Cir.), *cert. denied* 115 S.Ct. 42 (1994). Where the Court of Criminal Appeals of the State of Texas denies a writ of habeas corpus sought on the ground that the indictment is insufficient, that Court has implicitly held that the indictment is sufficient. Alexander, 775 F.2d at 599.

In this case, the Court of Criminal Appeals denied McCreary's state habeas petition, and thus implicitly held that the indictment was sufficient. This forecloses McCreary's challenge to the indictment in federal court. His objection on this point is without merit.

In his ninth objection, McCreary says that had an investigation been conducted, counsel would have discovered that the Tyler police officers were "trying to obtain evidence on a previously committed crime and the evidence did not exist." The police report shows that the reason that evidence of a cocaine purchase by McCreary did not exist was because McCreary ate it. His eating the evidence and refusing to spit it out formed the basis of the indictment for tampering with evidence. McCreary has failed to show that counsel acted ineffectively in this regard and his objection on this point is without merit.

In his tenth objection, McCreary refers to a case called Bryant v. State, 253 S.W.3d 810 (Tex.App.-Amarillo 2008, pet. stricken), in which the defendant was convicted of tampering with physical evidence for destroying a glass pipe used to smoke methamphetamine. He argued that his detention was unlawful and thus required suppression of the evidence, but the Amarillo Court of

Appeals held that the evidence of the destruction of the pipe, which took place in the presence of the officers, was not required to be suppressed; the evidence of the destruction was not obtained in violation of the law regardless of whether the detention itself was lawful, because a person who is stopped or detained illegally is not thereby immunized from prosecution for crimes committed during the period of detention.

Although McCreary also cites Bryant in his objections, it is plain that this case does not help him; on the contrary, the holding in Bryant indicates that even if McCreary had been unlawfully detained by the police prior to his eating the rock, the evidence that he had done so would still be admissible. McCreary does not show that he was unlawfully detained, nor that the evidence that the police officer saw him eat a rock that appeared to be cocaine was inadmissible for any reason. Even if it were inadmissible, any error in admitting it would be waived by his entry of the guilty plea. McCreary's objection on this point is without merit.

In his eleventh objection, McCreary again complains of the failure of counsel to file a motion to suppress and says that his guilty plea is not entered in the court record, despite the judgment of conviction and the signed stipulation of evidence, agreement to stipulate testimony, agreed punishment recommendation, and acknowledgment of admonishments. This objection is without merit.

In his twelfth and thirteenth objections, McCreary complains that the State failed to prove the element of the offense that he knew that an investigation of criminal activity was in progress, and that counsel failed to object to this. The police report showed that McCreary had a rock believed to be cocaine on the seat of his car, and when he saw the officer walk up to the car, he ate it. The action which he took upon seeing the officer is evidence that McCreary knew that the officer was investigating criminal activity, and that he tampered with the evidence of this criminal activity by eating it. McCreary has failed to show that he received ineffective assistance of counsel in this regard and his objection on this point is without merit.

In his fourteenth objection, McCreary again asserts that his guilty plea was not entered in the court record, and says that "the officer violated the law trying to obtain evidence of a previously committed crime." McCreary has failed to show that his guilty plea was not entered in the record, and he was convicted of tampering with physical evidence, not possession of cocaine. He has not shown that the officer violated the law with regard to the evidence, and any such violation which may have occurred was waived by the entry of the guilty plea. This objection is without merit.

In his fifteenth objection, McCreary complains that the Respondent asserted that he did not raise his claim of not being present in court in his state habeas petition, and so the claim is unexhausted,. However, McCreary asserts that the Magistrate Judge gave him permission to add this claim to his petition, and the Respondent conceded exhaustion in his original answer.

This original answer was filed prior to McCreary's amending of his complaint, and all the claims raised in the original petition were exhausted. When McCreary amended his petition to add the claim that he was not present in court to plead guilty, the Magistrate Judge ordered the Respondent to file an amended answer addressing the new claim. The Respondent's amended answer asserted that this new claim was unexhausted. The Magistrate Judge reviewed McCreary's state habeas petition and determined that the Respondent's assertion was correct. McCreary's objection on this point is without merit.

In his sixteenth and final objection, McCreary sets out the standard governing federal habeas petitions and argues that he has shown by clear and convincing evidence that he did not enter his guilty plea, as shown by the fact that the agreed punishment recommendation does not bear his thumbprint. He also says that the docket sheet does not state that the case was called for trial, it does not say that Kurt Noell appeared for the defendant, and it does not show what time the judgment was entered.

The criminal docket sheet shows that on January 11, 2010, the case was called for trial. Two attorneys appeared for the State and Kurt Noell appeared with the defendant. The docket sheet goes on to note that the defendant announced that he wished to plead guilty and take the State's plea offer,

and the plea papers were completed. The agreed punishment recommendation does not have a space for McCreary's thumbprint, but his thumbprint does appear on the judgment, which is signed and dated on January 13, 2010. McCreary has failed to show any evidence, much less clear and convincing evidence, that he did not enter his guilty plea. Furthermore, the claim that McCreary was not in court and did not enter the guilty plea was not raised in his state habeas petition and has been procedurally defaulted. McCreary's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's petition and amended petition for habeas corpus relief, the answer and amended answer of the Respondent, the state court records, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Jody McCreary is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 5th day of March, 2012.**



LEONARD DAVIS
UNITED STATES DISTRICT JUDGE